IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

APRIL WESOLOWSKI, ON BEHALF ]
HERSELF AND AS ADMINISTRATOR ] C/A No.:
AD LITEM OF THE ESTATE ]
OF GEORGE THACKER, ]
        Plaintiffs, ]
   vs. ]
UNITED STATES OF AMERICA, ]
        Defendants. ]

## COMPLAINT

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff April Wesolowski is citizen and resident of the State of Tennessee.

2. Plaintiff April Wesolowski also is the Administrator Ad Litem to pursue a legal cause of action for the Estate of George Thacker. She was appointed by the 12th Judicial District of Chancery Court of Rhea County, Tennessee on March 24, 2023. (Exhibit A.)

3. The United States is a proper Defendant under the provisions of 28 U.S.C. § 1346 (the Federal Tort Claims Act), hereinafter referred to as the FTCA. Pursuant to the FTCA, the United States is subject to suit "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

4. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1346(b) as to the United States.

5. Venue is also proper in the District of South Carolina, which is where a substantial portion of the acts or omissions occurred.

6. An administrative claim was presented on October 1, 2024 and has not been resolved in the six months following the filing of the notice of claim. The Government did not respond to the claim.

7. This case was previously filed as a Notice of Intent Action on April 29, 2025, bearing Civil Action number 6:25-mc-00328-CMC-KFM, with the requisite expert affidavit and discovery responses. (Expert Affidavit of Norman Paul Khoury, M.D. attached as Exhibit B)

8. Following the filing and service of the Notice of Intent, Plaintiff's counsel contacted the U.S. Attorney's office regarding Pre-Suit Mediation and was informed via email from the Assistant United States Attorney that they were unable to negotiate until suit is filed and will await service of the Complaint to respond.

## FACTUAL ALLEGATIONS

9. George Thacker was incarcerated at the Federal Prison Camp in Edgefield, South Carolina (FPC-Edgefield) in December of 2022.

10. He presented ill and had difficulty walking during his entire time at FPC-Edgefield.

11. He specifically presented to medical on December 25, 2022 at approximately 9:00 AM with abdominal pain.

2

12. Instead of conducting testing, including a physical exam and blood work, and sending Mr. Thacker to the hospital for observation, medical officials employed by the Federal Bureau of Prisons gave him ibuprofen and returned him to his dorm.

13. Mr. Thacker continued to complain of pain throughout the day and night, requesting medical attention.

14. Rather than provide medical attention and hospitalization, Mr. Thacker was left to suffer and die on December 26, 2022.

15. The cause of death was complications of a perforated duodenal ulcer and peptic ulcer disease.

16. With proper medical care, Mr. Thacker's serious condition could have been detected the morning before.

17. With proper medical care and detection, Mr. Thacker's serious condition should have been properly treated the morning before.

18. But for this failure to properly treat Mr. Thacker, diagnose his condition, and get him appropriate medical care, he would still be alive.

## FOR A FIRST CAUSE OF ACTION
### (Negligence as to the United States of America)
### (Wrongful Death)

19. Plaintiff realleges the previous paragraphs as if fully restated herein.

20. Plaintiff brings this action pursuant to S.C. Code Ann. § 15-51-10, *et seq*. on behalf of the statutory heirs of George Thacker, for the wrongful death of Mr. Thacker, who died on December 26, 2022.

21. On December 25, 2022 at 8:59 AM, Mr. Thacker presented to the medical unit of FPC-Edgefield noting that he had abdominal pain and right ankle pain.

22. Earlier in December, Mr. Thacker was seen at Aiken Regional Medical Center for injuries and an altered mental status. Aiken Regional noted that Mr. Thacker was suffering from withdrawal from opiates, as he had previously been taking opiates for his chronic injuries.

23. When Mr. Thacker presented with abdominal pain on December 25, 2022 at 8:59 AM, medical officials at FPC-Edgefield failed to take blood work or send Mr. Thacker to the hospital for evaluation. Instead, Mr. Thacker was told to eat when taking Motrin and to drink plenty of water.

24. The standard of care is for a medical professional is to provide individualized care specifically designed for the patient's needs, given the patient's presenting symptoms and clinical condition.

25. Specifically, medical professionals at FPC-Edgefield failed to meet the standard of care in the following ways:

   a. Failing to properly evaluate and diagnose his urgent medical conditions;

   b. Choosing not to ensure that there were no unreasonable delays in obtaining appropriate care for his condition;

   c. Choosing not to send Mr. Thacker to the hospital for his critical medical condition on December 25, 2022 at approximately 9:00 A.M.;

   d. Choosing not to render appropriate care for his perforated duodenal ulcer;

   e. Choosing not to exercise any level of care due to the lack of a medical evaluation on December 25, 2022; and

   f. Choosing to give Mr. Thacker ibuprofen when a perforation was present on December 25, 2022.

26. As a direct and proximate result of this breach of care, Mr. Thacker did not receive care for her perforated ulcer, and instead suffered in pain throughout the night.

27. The failure to test and delay in treatment caused Mr. Thacker's death on December 26, 2022.

28. If the attending medical professional had secured blood work and evaluation at the hospital, Mr. Thacker would have survived.

29. Due to the wrongful death of Mr. Thacker as a direct and proximate result of the negligence and carelessness of the attending medical staff at FPC-Edgefield, Plaintiff is entitled to receive actual damages in such an amount as the Court may determine.

### FOR A SECOND CAUSE OF ACTION
### (Negligence as to the United States of America)
### (Survival Action)

30. Plaintiff realleges the previous paragraphs as if fully restated herein.

31. Plaintiff brings this action for conscious pain and suffering as a result of the medical negligence of the medical providers at FPC-Edgefield.

32. On December 25, 2022 at 8:59 AM, Mr. Thacker presented to the medical unit of FPC-Edgefield noting that he had abdominal pain and right ankle pain.

33. Earlier in December, Mr. Thacker was seen at Aiken Regional Medical Center for injuries and an altered mental status. Aiken Regional noted that Mr. Thacker was suffering from withdrawal from opiates, as he had previously been taking opiates for his chronic injuries.

34. A known complication of such withdrawal includes perforated ulcers.

35. When Mr. Thacker presented with abdominal pain on December 25, 2022 at 8:59 AM, medical officials at FPC-Edgefield failed to take blood work or send Mr. Thacker to the

5

hospital for evaluation. Instead, Mr. Thacker was told to eat when taking Motrin and to drink plenty of water.

36. The standard of care is for a medical professional to provide individualized care specifically designed for the patient's needs, given the patient's presenting symptoms and clinical condition.

37. Specifically, medical professionals at FPC-Edgefield failed to meet the standard of care in the following ways:

   a. Failing to properly evaluate and diagnose his urgent medical conditions;

   b. Choosing not to ensure that there were no unreasonable delays in obtaining appropriate care for his condition;

   c. Choosing not to send Mr. Thacker to the hospital for his critic medical condition on December 25, 2022 at approximately 9:00 A.M.;

   d. Choosing not to render appropriate care for his perforated duodenal ulcer;

   e. Choosing not to exercise any level of care due to the lack of a medical evaluation on December 25, 2022; and

   f. Choosing to give Mr. Thacker ibuprofen when a perforation was present on December 25, 2022.

38. As a direct and proximate result of this breach of care, Mr. Thacker did not receive care for his perforated ulcer and instead suffered in pain throughout the night until his untimely death the next morning.

39. The failure to test, and delay in treatment, caused Mr. Thacker's pain and suffering on December 25 and December 26, 2022.

40. If the attending medical professional had secured blood work and evaluation at the hospital, Mr. Thacker would have had his pain and underlying condition treated.

41. Due to the injuries sustained by Mr. Thacker as a direct and proximate result of the negligence and carelessness of the attending VA physician, Plaintiff is entitled to receive actual damages in such an amount as the Court may determine.

Wherefore, Plaintiff seeks judgment against the United States of America such an amount as the Court may determine, together with the costs and disbursements of this action and for such other further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this 2nd day of July, 2025.

STROM LAW FIRM, LLC

s/ Mario A. Pacella
Mario A. Pacella (Fed. I.D. No. 7538)
Amy E. Willbanks (Fed. ID. No. 13537)
Bakari T. Sellers (Fed. I.D. No. 11099)
6923 N. Trenholm Rd.
Columbia, SC 29206
Phone: (803) 252-4800
Fax:    (803) 252-4801
mpacella@stromlaw.com
awillbanks@stromlaw.com
Bsellers@stromlaw.com