# EXHIBIT B

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>COUNTY OF CHARLESTON     ) | AFFIDAVIT OF NORMAN<br>PAUL KHOURY, M.D. |

Affiant, Norman Paul Khoury, M.D., being of sound mind and body and over the age of eighteen (18), having the requisite training, knowledge, and experience to provide the opinions enunciated more fully below, hereby avers as follows:

1. CLINICAL BACKGROUND: I, Norman Paul Khoury, M.D., am a board-certified general surgeon with over 40 years as a licensed practitioner. I have treated patients with the exact medical condition experienced by George Thacker on hundreds of occasions.

2. OPINIONS TO BE ADDRESSED: I was asked to review and render an opinion related to whether, and in what particulars, the care received by George Thacker while he was in the custody of the Federal Bureau of Prisons fell below the applicable standard of care as it relates to the care he received on December 25-26, 2022. I was further asked to determine whether, to a reasonable degree of medical certainty, that, if a failure to render appropriate care existed, what injury(ies) resulted and did the failure(s) cause his death.

3. FAMILIARITY WITH TREATMENT SETTING: As a direct result of my education, training, knowledge, and clinical experience, including my role as a general surgeon, I am knowledgeable about the standards of care related to treating patients with the same diagnoses and co-morbidities as George Thacker. I am further knowledgeable about the required level of care for George Thacker. My familiarity with the treatment setting and standards of care includes those standards for physicians, nurse practitioner, nurses, nurse technicians, certified nursing assistants, and management.

4. RECORDS RELIED UPON: In forming my conclusions, I reviewed the following records:

  a. Statements from inmates;

  b. Patient Chart from FCI Edgefield – George Thacker;

  c. Death Certificate of George Thacker;

  d. Patient Chart from Aiken Regional Medica Center – George Thacker;

  e. Autopsy of George Thacker; and

  f. Federal Bureau of Prisons Policies and Procedures.

I expressly reserve the right to amend and/or supplement this opinion in light of additional medical information and/or records.

5. BASIS FOR OPINIONS AND OPINIONS: I am familiar with and have the expertise to evaluate the records identified above, as well as the other documents and information that has helped or will help form the basis for my opinion, and these records are of the type typically relied upon in the ordinary course of expert review associated with the applicable treatment setting for George Thacker. I have specifically reviewed the above listed records and have determined, to a reasonable degree of medical certainty, that the Federal Bureau of Prisons, by and through its providers, nurses, technicians, other clinicians, volunteers, personnel, and staff failed to provide the requisite care to George Thacker. I have further determined that the failures set forth below in 8 were a direct contributing cause of George Thacker's death. Finally, I have determined, to a reasonable degree of medical certainty, that had Mr. Thacker been sent to the hospital on December 25, 2022, as a result of his 9:00 A.M. visit, he would not have succumbed to this medical condition.

6. ADDITIONAL OPINIONS: As a licensed physician, I am also qualified to provide an opinion concerning those aspects of the science and practice of medicine that form the general and common clinical knowledge i.e. those aspects of the science and practice of medicine which

are part of general and common clinical knowledge on the part of the usual and customary curricula of all accredited schools, which all graduates of accredited schools are capable of providing.

7. STANDARDS OF CARE:

Every healthcare provider must abide by certain standards in providing patient healthcare. In particular, a provider must ensure the protection of a patient and is responsible for providing individualized care specifically designed for the patient's needs, and given the patient's presenting symptoms, and clinical condition.

8. VIOLATIONS OF THE STANDARD OF CARE:

It is my opinion, to a reasonable degree of medical certainty, that the Federal Bureau of Prisons failed to provide George Thacker with the standard of care owed to similarly situated patients by:

   a. Failing to properly evaluate and diagnose his urgent medical conditions;

   b. Choosing not to ensure that there were no unreasonable delays in obtaining appropriate care for his condition;

   c. Choosing not to send Mr. Thacker to the hospital for his critic medical condition on December 25, 2022 at approximately 9:00 A.M.;

   d. Choosing not to render appropriate care for his perforated duodenal ulcer;

   e. Choosing not to exercise any level of care due to the lack of a medical evaluation on December 25, 2022; and

   f. Choosing to give Mr. Thacker ibuprofen when a perforation was present on December 25, 2022.

9. My opinions are based upon my training, my clinical experience and practice, and my experience diagnosing, and treating similar patients, as well as my knowledge of the literature regarding the pertinent standards of care.

SUPPLEMENTAL OPINION: This document does not necessarily address all violations of the standard of care identified in this case. I specifically reserve the right to add, amend, subtract or clarify this report as new evidence develops throughout discovery in this matter.

FURTHER AFFIANT SAYETH NAUGHT.

Norman Paul Khoury

SWORN TO AND SUBSCRIBED BEFORE ME
This 15th day of July, 2024

Eileen B. Heider
Notary Public For South Carolina
My Commission Expires: 11-27-33