IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| April Wesolowski, on Behalf Herself and as Administrator ad litem of the Estate of George Thacker | ) C/A No. 6:25-cv-06675-CMC-KFM<br>)<br>) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | |

## ANSWER

COMES NOW the Defendant, by and through Bryan P. Stirling, United States Attorney, and the undersigned Assistant United States Attorney, and Answers the Plaintiff's Complaint. (ECF No. 1). Each claim will be answered in turn, using the headings and paragraph numbers reflected in the Complaint. Defendant generally denies the allegations in the Complaint, and anything not specifically admitted herein is denied.

## PARTIES, JURISDICTION AND VENUE

1. Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of this statement, and it is therefore denied.

2. Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of this statement, and it is therefore denied.

3. Admit.

4. Admit.

5. Admit.

6. Admit that Plaintiff filed an SF-95 claim form with the Bureau of Prisons. After the Complaint was filed, the Bureau of Prisons responded by sending its denial letter to the claimant on August 13, 2025, regarding the SF-95 claim.

7. Admit only that Plaintiff filed a Notice of Intent Action on April 29, 2025, bearing Civil Action number 6:25-mc-00328-CMC-KFM with an affidavit and other exhibits attached. All other allegations in this paragraph are denied.

8. Admit.

## FACTUAL ALLEGATIONS

9. Admit.

10. Admit only that Plaintiff presented ill and with difficulty walking on those occasions which are reflected in the Bureau of Prisons medical records of George Thacker.

11. Admit.

12. Admit only that Mr. Thacker was seen and assessed by a Registered Nurse on December 25, 2022. All other allegations in this paragraph are denied.

13. Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of this statement, and it is therefore denied.

14. Denied.

15. Admit only that an autopsy report reflected a cause of death as: a. Complications of perforated duodenal ulcer b. Due to: Peptic ulcer disease. The autopsy listed the following additional conditions as Contributory: Hypertensive cardiovascular disease, atherosclerotic cardiovascular disease, diabetes mellitus, renal failure, congestive heart failure, and SARS-CoV2 infection. Defendant lacks sufficient information to admit or deny the truth or

accuracy of the report as it was prepared by a third party, and therefore denies these allegations.

16. Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of this statement, and it is therefore denied.

17. Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of this statement, and it is therefore denied.

18. Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of this statement, and it is therefore denied.

## FOR A FIRST CAUSE OF ACTION
### (Negligence as to the United States of America)
### (Wrongful Death)

19. Responding to paragraph 19 of the Complaint, Defendant repeats and re-alleges the preceding paragraphs as if repeated herein verbatim.

20. This allegation constitutes a legal statement to which no response is required. To the extent a response is required, the allegation is denied as stated.

21. Admit.

22. Admit.

23. Admit only that Mr. Thacker was seen and assessed by a Registered Nurse on December 25, 2022, and that he was instructed to eat while taking Motrin and to drink plenty of water. All other allegations in this paragraph are denied.

24. Paragraph 24 of the Complaint constitutes a conclusion of law requiring no response from Defendant; notwithstanding, denied as stated.

25. Denied.

   a. Denied.

    b.  Denied.

    c.  Denied.

    d.  Denied.

    e.  Denied.

    f.  Denied.

26. Denied.

27. Denied.

28. Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of this statement, and it is therefore denied.

29. Denied.

**FOR A SECOND CAUSE OF ACTION**
**(Negligence as to the United States of America)**
**(Survival Action)**

30.  Responding to paragraph 30 of the Complaint, Defendant repeats and re-alleges the preceding paragraphs as if repeated herein verbatim.

31. Denied as stated.

32. Admit.

33. Admit.

34. Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of this statement, and it is therefore denied.

35. Admit only that Mr. Thacker was seen and assessed by a Registered Nurse on December 25, 2022, and that he was instructed to eat while taking Motrin and to drink plenty of water.  All other allegations in this paragraph are denied.

36. Paragraph 36 of the Complaint constitutes a conclusion of law requiring no response from Defendant; notwithstanding, denied as stated.

37. Denied.

    a.  Denied.

    b.  Denied.

    c.  Denied.

    d.  Denied.

    e.  Denied.

    f.  Denied.

38. Denied.

39. Denied.

40. Defendant does not have sufficient knowledge to form a belief as to the truth or falsity of this statement, and it is therefore denied.

41. Denied.

## AD DAMNUM CLAUSE

As to the prayer for relief seeking judgment and relief, Defendant denies that Plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

The Defendant asserts the following affirmative defenses:

### FOR A FIRST DEFENSE

The United States acted with due care and diligence at all times and violated no duty that was owed to the Decedent while he was incarcerated at the FPC in Edgefield, South Carolina.

**FOR A SECOND DEFENSE**

No acts or omissions by the United States were the proximate cause of any injury to the Plaintiff.

**FOR A THIRD DEFENSE**

The Plaintiff's Complaint fails to state a claim upon which relief may be granted under Federal Rules of Civil Procedure (Fed. R. Civ. P.) 12(b)(6).

**FOR A FOURTH DEFENSE**

If this Court were to find Defendant liable, Plaintiff's fault and negligence must be compared against the fault and negligence, if any, of Defendant United States, and Plaintiff's recovery, if any, must be diminished in proportion to Plaintiff's fault and negligence in causing or contributing to the alleged incident.

**FOR A FIFTH DEFENSE**

Decedent's alleged injuries were in part or whole the function of a pre-existing medical condition such that the acts or omissions on the part of the agents or employees of the United States acting within the scope of their employment were not in part or whole the actual or proximate cause of any injury to the Decedent.

**FOR A SIXTH DEFENSE**

Attorney's fees taken out of any judgment or settlement are governed by 28 U.S.C. § 2678.

**FOR A SEVENTH DEFENSE**

Plaintiff's claims regarding alleged events or omissions that occurred within the District of South Carolina are subject to the substantive tort law of South Carolina, where the alleged acts or omissions occurred. 28 U.S.C. § 1346(b)(1).

## FOR AN EIGHTH DEFENSE

Plaintiff's claims for damages are limited to damages recoverable under 28 U.S.C. § 2674.

## FOR A NINTH DEFENSE

Plaintiff's claims for damages cannot be initiated in "any sum in excess of the amount of the claim presented to the federal agency" during the administrative claim. 28 U.S.C. § 2675(b).

## FOR A TENTH DEFENSE

Plaintiff's non-economic damages, if any, are limited by and subject to the amount set forth in § 15-32-220 of the South Carolina Code.

## FOR AN ELEVENTH DEFENSE

Plaintiff's economic damages, if any, are limited by and subject to the amount set forth in § 15-32-210 of the South Carolina Code.

## FOR A TWELFTH DEFENSE

If this Court were to find Defendant liable, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the Plaintiff's alleged injury, cutting off the legal effect of the Defendant's negligence.

## FOR A THIRTEENTH DEFENSE

If this Court were to find Defendant liable and award damages to plaintiff, Defendant is entitled to an offset from any judgement based on the collateral source rule.

Based on the foregoing, the Defendant prays for any relief deemed by the Court in favor of Defendant.

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By:     *s/Lee E. Berlinsky*
Lee E. Berlinsky (ID # 05443)
Assistant United States Attorney
District of South Carolina
151 Meeting Street, Suite 200
August 27, 2025                          Charleston, S.C. 29401