IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| April Wesolowski, *on Behalf of Herself and as Administrator ad litem of the Estate of George Thacker* ) ) ) ) | C/A No. 6:25-cv-06675-CMC-KFM |
| ) | |
| Plaintiff, ) ) | **SCHEDULING ORDER** |
| v. ) ) | |
| United States of America, ) ) | |
| Defendant. ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this court, the following schedule is established for this case. Discovery may begin upon receipt of this order.

1. A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than **September 19, 2025**.[1] At the conference, the parties shall confer concerning all matters set forth in Fed. R. Civ. P. 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary.[2]

2. No later than **October 03, 2025**, the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[3]

3. No later than **October 03, 2025**, the parties shall file a Rule 26(f) report in the form attached to this order. Parties are hereby notified that Local Civil Rule 26.03 (D.S.C.) lists additional queries to be answered in the Rule 26(f) report.

4. Motions to join other parties and amend the pleadings shall be filed no later than **October 24, 2025**. All motions to amend pleadings must be accompanied by a proposed amended pleading.

5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom the plaintiff(s) expects to call as an expert at trial and certifying

---

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.

[2] The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. *See* attached Notice of Availability of United States Magistrate Judge.

[3] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. *See* Fed. R. Civ. P. 29 and Local Civil Rule 29.01 (D.S.C.).

       that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **November 24, 2025**.

6. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom the defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **December 29, 2025**.

7. Counsel shall file and serve a document identifying all records custodian witnesses proposed to be presented by affidavit at trial and certifying that appropriate affidavits with attached records have been served on other parties no later than **December 29, 2025**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. *See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3) (D.S.C.).

8. Discovery shall be completed no later than **February 27, 2026**. All discovery requests, including subpoenas *duces tecum*, shall be served in time for the responses thereto to be served by this date. *De bene esse* depositions must be completed by discovery deadline. No extension of this deadline will be permitted without leave of court. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 (D.S.C.) and have had a telephone conference with Judge McDonald in an attempt to resolve the matter informally.

9. Mediation, pursuant to Local Civil Rules 16.04-16.12 (D.S.C.), shall be completed in this case on or before **March 13, 2026**.[4] *See* attached form setting forth mediation requirements. **At least thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel. The parties are directed to complete the attached mediation initiation form and return it to the court no later than thirty (30) days prior to the mediation deadline.

10. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before **April 03, 2026**.

11. Unless otherwise ordered by the court, this case is subject to being called for jury selection and trial after the expiration of the deadline in ¶ 10 OR thirty (30) days following the issuance

---

[4] Attorneys primarily responsible for handling the trial, parties, and/or insurer representatives with full settlement authority are ordered to be present in person and will only be excused for good cause shown. "Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to negotiate on this case in a mutual, good faith effort to reach a fair and reasonable settlement.

of a report and recommendation on any motion described in ¶ 10 of this order, whichever is later.

**IT IS SO ORDERED.**

s/Kevin F. McDonald
Kevin F. McDonald
United States Magistrate Judge

August 29, 2025
Greenville, South Carolina

Attachments:
    1) Rule 26(f) report form.
    2) Notice of availability of United States Magistrate Judge.
    3) Mediation initiation form
    4) Mediation requirements form

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| April Wesolowski, *on Behalf of Herself and as Administrator ad litem of the Estate of George Thacker*, | ) ) ) ) | C/A No. 6:25-cv-06675-CMC-KFM |
| Plaintiff, | ) ) | **RULE 26(f) REPORT** |
| v. | ) ) ) | |
| United States of America, | ) ) | |
| Defendant. | ) | |

The parties, having consulted pursuant to Fed. R. Civ. P. 26(f), hereby report as follows (check one below):

_____ We agree that the schedule set forth in the Conference and Scheduling Order filed **August 29, 2025** is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

_____ We agree that the schedule set forth in the Conference and Scheduling Order filed **August 29, 2025** requires modification as set forth in the proposed Consent Amended Scheduling Order, which will be emailed to chambers as required (use format of the court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

_____ We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the court. **The parties' proposed discovery plan as required by Fed. R. Civ. P. 26(f), with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

(SIGNATURE PAGE ATTACHED)

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| _____ *Signature of Plaintiff's Counsel* | _____ *Signature of Defendant's Counsel* |
| _____ *Printed Name of Plaintiff's Counsel and Party Represented* | _____ *Printed Name of Defendant's Counsel and Party Represented* |
| _____ *Signature of Plaintiff's Counsel* | _____ *Signature of Defendant's Counsel* |
| _____ *Printed Name of Plaintiff's Counsel and Party Represented* | _____ *Printed Name of Defendant's Counsel and Party Represented* |
| _____ *Signature of Plaintiff's Counsel* | _____ *Signature of Defendant's Counsel* |
| _____ *Printed Name of Plaintiff's Counsel and Party Represented* | _____ *Printed Name of Defendant's Counsel and Party Represented* |
| _____ *Signature of Plaintiff's Counsel* | _____ *Signature of Defendant's Counsel* |
| _____ *Printed Name of Plaintiff's Counsel and Party Represented* | _____ *Printed Name of Defendant's Counsel and Party Represented* |
| *Dated:* _____ | *Dated:* _____ |

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| April Wesolowski, *on Behalf of Herself and as Administrator ad litem of the Estate of George Thacker*, <br>　　　　　　　Plaintiff, <br>v. <br>United States of America, <br>　　　　　　　Defendant. | ) <br> ) <br> ) 　Civil Action No. 6:25-cv-06675-CMC-KFM <br> ) <br> ) <br> ) <br> ) |

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

　　*Notice of a magistrate judge's availability*.  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

　　You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

　　Consent to a magistrate judge's authority.  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Reference Order**

　　**IT IS ORDERED**: This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　District Judge's signature

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Printed name and title

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

# MEDIATION INITIATION FORM

Case: Wesolowski v. United States of America

C/A No.  6:25-cv-06675-CMC-KFM

Please check the applicable box to indicate the status of the above referenced case:

☐    case settled prior to or without mediation
☐    case dismissed by court or pending ruling on summary judgment motion
☐    case to proceed to trial
☐    case continued to next term

   *OR*

☐    case will be or has been mediated *(complete the following information):*

Mediator Name: _____
Mediator Phone No. _____

Date Mediation Scheduled to Occur *or* Date Mediation
Completed: _____

Submitted by: _____
Signature: _____
            *(Printed name of counsel)*

For which party?: _____
Date: _____
                *(Name of party counsel represents)*

Please fax completed form to Billie Goodman, ADR Program Coordinator, at 803-253-3591 or mail to 901 Richland Street, Columbia, SC 29201.

IN THE UNITED STATES DISTRICT COURT   )   MEDIATION REQUIREMENTS
FOR THE DISTRICT OF SOUTH CAROLINA   )

Mediation is to be scheduled and completed in all cases, including those cases involving unrepresented parties. Mediation shall be completed by the date indicated in the scheduling order. Upon completion of the mediation, counsel shall advise the court in writing only that the mediation has occurred, the date of the mediation, whether the case was settled in whole or in part, and whether a trial is required.

The parties should select a mediator consistent with Local Civil Rule 16.06 (D.S.C.). A roster of certified mediators is available from the Clerk of Court or may be accessed under the mediation heading at http://www.scd.uscourts.gov/cases.htm.

All parties and their lead trial counsel, having authority to settle and to adjust pre-existing settlement authority if necessary, are required to attend the mediation in person unless excused by the court for good cause shown. Insurer representatives with decision-making authority also are required to attend in person, unless excused by the court, if their agreement would be necessary to achieve a settlement. Every person who is excused from attending in person must be available to participate by telephone, unless otherwise ordered. At the mediation, parties, their insurer representatives, and their primary trial counsel should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement. All necessary discovery should be completed prior to mediation. Lack of discovery or settlement authority is no excuse for failure to appear and/or participate. *See* Local Civil Rule 16.09 (D.S.C.).

This form has been provided to all counsel of record and to all *pro se* parties. Counsel are responsible for notifying and ensuring the presence of parties and insurer representatives as described above. If a case has been mediated previously, counsel shall notify the court immediately in writing.

Communications made in connection with or during the mediation are confidential and protected by Federal Rule of Evidence 408 and Federal Rule of Civil Procedure 68. If a settlement is not reached at mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge. *See* Local Civil Rule 16.08(C) (D.S.C.).

If any reason exists why any party or counsel should not participate in this mediation, the court is to be advised of these reasons in writing immediately.

Any questions concerning the selection of a mediator or the mediation process generally should be referred to the court's ADR Program Coordinator, Billie Goodman, at (803) 253-3491.

                                                                                                                      Kevin F. McDonald
                                                                                                                      United States Magistrate Judge